T.C. Summary Opinion 2005-133

UNITED STATES TAX COURT

LUIS A. VASQUEZ, Petitioner, AND
WENDY HOUDESHELL, n.k.a. WENDY GRAY, Intervenor $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19130-04S.            Filed September 8, 2005.

Luis A. Vasquez, pro se.

Joshua M. Wease, for intervenor.

A. Gary Begun, for respondent.

DEAN, Special Trial Judge: This is a case arising under sections 6015 and 7463, as in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986 as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income taxes for 2001 of $2,210. After a timely petition was filed, respondent conceded that petitioner is entitled to relief from joint and several liability under section 6015(c).[1] Wendy Houdeshell (intervenor) filed a Notice of Intervention. The Court must decide whether respondent erred in granting relief to petitioner under section 6015(c).

## Background

Some of the facts are stipulated. The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, and at the time notice of intervention was filed, petitioner and intervenor resided in Dearborn, Michigan.

During 2001, petitioner was married to intervenor. They did not reside together during the year. Intervenor resided in the marital home from January through June 2001. When she moved out, petitioner moved back in and resided there for the remainder of the year. They divorced on December 9, 2002.

---

[1]Respondent also concedes that petitioner's deficiency before the application of sec. 6015(c) is $1,629.

Petitioner, a carpenter, completed 3 years of college coursework and 4 years of trade school. Intervenor has a high school diploma and completed 2 years of trade school.

During their marriage, petitioner and intervenor had a joint bank account. The statements for that account were mailed to the marital home. When intervenor moved out of the marital home in June 2001, she had her mail, including the joint banking statements, forwarded to her new address. Petitioner did not have access to the account statements and did not have access to electronic banking for the joint account during 2001.

On advice of counsel, petitioner removed his name from the joint account and opened his own bank account around June or July 2001. On further advice of counsel, petitioner did not attempt to withdraw any funds from the joint account during 2001.

Intervenor was employed by General Motors Corporation (GM) during 2001. She had a 401(k) account with GM that she opened in June 1998 in her name alone. Intervenor's approval was the only action required to make a withdrawal from the account. Intervenor received a distribution of $5,790 from the GM 401(k) during 2001. Petitioner and intervenor jointly filed a Form 1040, U.S. Individual Income Tax Return, for 2001. Petitioner provided his Forms W-2, Wages and Tax Statement, directly to the return preparer. He and intervenor signed the return at separate

times.  Both parties reviewed the return before they signed it. The GM 401(k) distribution was not reported on the return.

Respondent issued to petitioner and intervenor a notice of deficiency regarding the unreported distribution.  Petitioner timely filed a petition requesting innocent spouse relief and prepared a Form 12510, Questionnaire for Requesting Spouse.

Petitioner and respondent have stipulated that petitioner is entitled to relief under section 6015(c) and that no deficiency is due from petitioner.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election, each spouse is jointly and severally liable for the entire tax due.  Sec. 6013(d)(3); Cheshire v. Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Relief from joint and several liability is available to certain taxpayers under section 6015.  Under section 6015(c), an individual who is eligible and so elects, may limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d).  Sec. 6015(c)(1).  Under section 6015(d)(3)(A), generally, any items that give rise to a deficiency on a joint return, e.g., the unreported early distribution from the GM 401(k) account, shall be allocated to the individual filing the return in the same

manner as it would have been allocated if the individual had filed a separate return for the taxable year.

A taxpayer is eligible to elect the application of section 6015(c) if, at the time the election is filed, the taxpayer is no longer married to or is legally separated from the individual with whom the taxpayer filed the joint return to which the election relates. Sec. 6015(c)(3)(A)(i)(I). The election under section 6015(c) may be made at any time after a deficiency for such year is asserted and no later than 2 years after the date on which the Commissioner has begun collection activities with respect to the taxpayer making the election. Sec. 6015(c)(3)(B). Petitioner and intervenor were divorced on December 9, 2002, and petitioner's election was made soon after his receipt of the notice of deficiency. Therefore, petitioner is eligible to elect the application of section 6015(c) to limit his liability for the 2001 tax deficiency.

Relief under section 6015(c) is not available to petitioner if respondent demonstrates that petitioner had actual knowledge of the item giving rise to the deficiency. Sec. 6015(c)(3)(C); King v. Commissioner, 116 T.C. 198, 203 (2001). The "'knowledge standard'" for purposes of section 6015(c)(3)(C) "'is an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof).'" King v. Commissioner, supra at 203 (quoting

Cheshire v. Commissioner, 115 T.C. 183, 195 (2000)).  "In the case of omitted income * * *, the electing spouse must have an actual and clear awareness of the omitted income."  Id.

Respondent agrees that petitioner is entitled to relief under section 6015(c).  Intervenor filed her notice of intervention for the purpose of opposing petitioner's claim for relief under section 6015.  If intervenor offers sufficient evidence that petitioner had "actual knowledge" of the early retirement distribution, then petitioner should not be entitled to relief under section 6015(c).

Intervenor's testimony that petitioner had actual knowledge about the early retirement distribution is not corroborated by other testimony or evidence.  The record demonstrates that intervenor had sole control over the GM 401(k) account and petitioner had no access to the statements for their joint bank account.  The record contains no facts which show error in respondent's position, and the Court concludes that petitioner did not have actual knowledge of the factual circumstances regarding the distribution and that petitioner is entitled to relief from joint and several liability under section 6015(c).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for petitioner.